IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NAFIS S. STARR,<br>    *Plaintiff*,<br><br>  v.<br><br>EQUIFAX, TRANS UNION and EXPERIAN,<br>    *Defendants.* | :<br>:<br>:<br>: CIVIL ACTION<br>: NO. 22-5012<br>:<br>:<br>: |

### MEMORANDUM OPINION

**Scott, J.**                           **February 27, 2024**

In this action brought under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681–1681x ("FCRA"), plaintiff Nafis S. Starr, proceeding *pro se*, alleges that the three defendant consumer reporting agencies reported inaccurate information and "negative items" on his consumer credit report, preventing him from leasing an apartment or obtaining credit cards and car notes.

Moving for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), Defendant Trans Union,[1] and Defendant Experian[2] when it joined in Trans Union's motion,[3] contend that the complaint should be dismissed because Mr. Starr failed to identify any inaccurate information in Trans Union's or Experian's reporting.

Accepting the facts in the complaint as true and drawing all reasonable inferences from

---

[1] In its motion, Defendant Trans Union refers to itself as "Trans Union, LLC." *See* Trans Union, LLC's Mot. for Judgment on the Pleadings (ECF No. 29). Consistent with how its name appears on the docket, the court will refer to this defendant as "Trans Union."

[2] Defendant Experian refers to itself as "Experian Information Solutions, Inc." Consistent with how its name appears on the docket, the court will refer to this defendant as "Experian."

[3] *See* Experian Information Solution, Inc.'s Not. of Joinder in Trans Union, LLC's Mot. for Judgment on the Pleadings (ECF No. 30).

them in Mr. Starr's favor, the court will grant the defendants' motion because he has failed to state a plausible claim for relief.

## BACKGROUND

*Allegations in the Complaint*

In his complaint, Mr. Starr alleges that since August 12, 2019, the defendant consumer reporting agencies, Experian, Trans Union and Equifax, violated his rights under the FCRA by "reporting inaccurate info" and "negative items" on his consumer credit reports. *See* Compl. (ECF No. 1) at 3 ¶¶ III.B. and C. He claims that he has not been able to obtain "credit cards, apartments, car notes, etc." due to the inaccurate reports. *Id.* at 3 ¶ III.C.

For damages, Mr. Starr alleges that because of the "negative items . . . appear[ing] on [his] consumer credit report," his "credibility" and reputation have been "ruined;" he lacks "confidence with anything that has to do with credit" because he's been "discouraged for years;" and he has been "stressed and depressed." *Id.* at 3 ¶ III.C.; *id.* at 4 ¶ IV. For relief, he "want[s] all negative accounts on [his] consumer credit report removed," and seeks $30,000 in "monetary compensation." *Id.* at 4 ¶ V.

Mr. Starr asserts that he is proceeding against the defendants under 15 U.S.C. § 1681 of the FCRA. *See* Compl. at 2 ¶¶ II.B; *id.* at 3 III.C. He does not identify, however, the specific sections of the FCRA that the defendants are allegedly violating.

*Procedural History*

All three defendants filed their Answer to the complaint on January 9, 2023. On February 22, 2023, the plaintiff dismissed Equifax from the case. On April 4, 2023, the court held a Rule 16 Conference, at which Mr. Starr, counsel for Trans Union and counsel for Experian were in

attendance. At the conference, Trans Union's counsel informed the court and Mr. Starr of his intention to file a motion for judgment on the pleadings by April 7, 2023, and the court informed Mr. Starr that his response to the motion would be due 21 days later, on April 28, 2023. On April 7, 2023, Trans Union filed its motion (ECF No. 29), and later that day Experian filed a notice of joinder in Trans Union's motion. *See* ECF No. 30. On April 11, 2023, the court issued a briefing schedule, in which the plaintiff was ordered to file his response to Trans Union's motion by April 28, 2023. *See* ECF No. 31.

After the deadline for Mr. Starr to respond to the motion had passed, on May 5, 2023, Trans Union filed a notice of Plaintiff's non-opposition to the motion. *See* ECF No. 35. On June 13, 2023, the court held a telephone Status Conference, which counsel for Trans Union and counsel for Experian attended but Mr. Starr did not. To date, Mr. Starr has not filed a response to the motion for judgment on the pleadings.

## LEGAL STANDARDS

*Standard of Review on a Motion for Judgment on the Pleadings*

A motion for judgment on the pleadings is governed by Rule 12(c) of the Federal Rules of Civil Procedure, which provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) motion is analyzed under the same standards that apply to a Rule 12(b)(6) motion. *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 195 (3d Cir. 2019) (citation omitted). Thus, to survive a Rule 12(c) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To succeed on a motion for judgment on the pleadings, the movant must establish that there is no material issue of fact and that he is entitled to judgment as a matter of law. *Bedoya v. Am. Eagle Express Inc.*, 914 F.3d 812, 816 n.2 (3d Cir. 2019) (quoting *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005)). If a material issue of fact arises from the pleadings, the motion must be denied. *Wolfington*, 935 F.3d at 195. The motion can be granted only if the non-movant cannot prevail under any set of facts. *Wolf v. Ashcroft*, 297 F.3d 305, 307 (3d Cir. 2002); *Green v. Fund Asset Mgmt., L.P.*, 245 F.3d 214, 220 (3d Cir. 2001).

In deciding a motion for judgment on the pleadings, we accept as true all the well-pleaded factual assertions in the non-movant's pleadings. *Zimmerman v. Corbett*, 873 F.3d 414, 417-18 (3d Cir. 2017) (citing *Allah v. Al-Hafeez*, 226 F.3d 247, 249 (3d Cir. 2000)). We view the facts presented in all of the pleadings and the reasonable inferences to be drawn from them in favor of the non-moving party. *Wolfington*, 935 F.3d at 195; *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 271 (3d Cir. 2014). Additionally, a *pro se* plaintiff's pleadings must be considered deferentially, affording him the benefit of the doubt where one exists. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013) (citing *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011)); *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002)). This means the court must construe a *pro se* complaint "liberally, . . . . apply[ing] the relevant legal principle even when the complaint has failed to name it." *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala*, 704 F.3d at 244). Nevertheless, the plaintiff must allege facts necessary to make out each element of each claim he asserts. *Mala*, 704 F.3d at

245; *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 563 n.8). A conclusory recitation of the elements of a cause of action is not sufficient. *Id.*

*Standard for an Unopposed Motion for Judgment on the Pleadings*

Under Local Rule 7.1(c), most motions may be granted as uncontested in the absence of a timely response. However, the Third Circuit has cautioned that a district court may not grant a Rule 12(b)(6) motion as unopposed and dismiss a complaint without first analyzing the motion on the merits and finding an independent legal basis on which to grant it. *Wiggins v. MacManiman*, 698 F. App'x 42, 43 (3d Cir. 2017) (quoting *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991)).[4] Therefore, although Mr. Starr's failure to respond to the motion renders it unopposed, the court will conduct an independent analysis of the merits of Trans Union and Experian's motion.

## DISCUSSION

The FCRA "was crafted to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." *Bibbs v. Trans Union LLC*, 43 F.4th 331, 339 (3d Cir. 2022) (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010)). Under the statute, consumer reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).

---

[4] Since the same standards apply to Rule 12(c) motions as apply to motions brought under Rule 12(b)(6), *see Wolfington*, 935 F.3d at 195, the court will apply the same rule here.

Trans Union contends that the complaint fails to state a claim for which relief can be granted because Mr. Starr fails to plead sufficient facts identifying any inaccuracies in Trans Union's reporting. It further claims that the complaint is deficient because Trans Union was not required to obtain his consent before preparing a consumer report for a third party. It asks the court to award fees and costs incurred in defending the action.

Although Mr. Starr does not specify the sections of the FCRA that the defendants allegedly violated, given Mr. Starr's allegations that the defendants reported inaccurate information and "negative items" on his consumer credit reports, the court liberally construes his complaint as asserting a violation of 15 U.S.C. § 1681e(b). That provision states, in relevant part,

> Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

15 U.S.C. § 1681e(b).

To state a claim under § 1681e(b), a plaintiff must plead the following elements: "(1) inaccurate information was included in a consumer's credit report; (2) the inaccuracy was due to defendant's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered injury; and (4) the consumer's injury was caused by the inclusion of the inaccurate entry." *Bibbs*, 43 F.4th at 342 (quoting *Cortez*, 617 F.3d at 708).

Trans Union argues that Mr. Starr has not alleged facts supporting the elements of a § 1681e(b) claim. Specifically, he has not alleged what "inaccurate information" Trans Union purportedly reported, nor which third parties, if any, received such inaccurate reports. It also points to the lack of any allegation that Trans Union failed to follow reasonable procedures that caused this inaccurate reporting.

Trans Union is correct. Mr. Starr has not plausibly pled a claim for a violation of § 1681e(b). Other than conclusorily stating that the defendants reported "inaccurate info" and "negative items" on his consumer credit report, he has failed to set forth any facts describing what that information was and how it was inaccurate. Because the plaintiff must allege facts necessary to make out each element of each claim he asserts, his conclusory recitation of the elements of the claim does not suffice.

## CONCLUSION

The allegations in the complaint are insufficient to state a claim for a violation of § 1681e(b) of the FCRA because they fail to identify what information was included on Mr. Starr's consumer report. Therefore, the court will grant Trans Union's motion for judgment on the pleadings, and will dismiss all of the plaintiff's claims against Trans Union and Experian with prejudice. However, the court will deny Trans Union's request for fees and costs.